

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2006

# Indrawati v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3647

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Indrawati v. Atty Gen USA" (2006). *2006 Decisions.* Paper 758.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/758

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3647
_____

HESTI INDRAWATI;
DJUNAEDI HERIANTO KUSUMO,

Petitioners,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A96-263-043/044)
Immigration Judge: Miriam K. Mills


_____


Submitted Under Third Circuit L.A.R. 34.1(a)
June 1, 2006

Before: AMBRO, FUENTES, and GREENBERG, Circuit Judges.

(Opinion Filed: July 11, 2006)
_____

OPINION
_____

FUENTES, Circuit Judge:

Petitioners Hesti Indrawati ("Indrawati") and Djunaedi Herianto Kusumo ("Kusumo"), wife and husband, seek review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of their applications for asylum and Indrawati's application for withholding of removal and protection under the Convention Against Torture (the "CAT").[1]  In so ruling, the BIA affirmed without opinion the findings of the IJ that Indrawati and Kusumo did not have a well-founded fear of future persecution.  For the reasons that follow, we deny the petition for review.[2]

I. Facts

Because we write only for the parties, we recite only the essential facts.  Indrawati and Kusumo are an ethnically Chinese married couple who are natives and citizens of Indonesia.  They allege that, while in Indonesia, they suffered persecution by nationalist Indonesians.  Specifically, Indrawati alleges that in 1970 her father was stabbed for refusing extortion, and was forced to hide in his home when natives sought to punish him for shooting his attacker in self-defense.  She alleges that in 1982 her father was attacked

---

[1] "A grant of asylum allows an otherwise-removable alien to stay in the United States." Abdulai v. Ashcroft, 239 F.3d 542, 545 (3d Cir. 2001).  On the other hand, withholding of removal merely confers the right not to be deported to a particular country, as opposed to the right to stay in this country. Id.

[2] Where, as here, the final order of the BIA summarily affirms or defers to the decision of the IJ, this Court "must review the IJ's decision."  Abdulai v. Ashcroft, 239 F.3d 542, 549 n. 2 (3d Cir. 2001).

again in an extortion attempt. Although the perpetrator left her father's store when her father threatened to call the police, the attacker slapped her as he exited. She alleges that police sitting in front of the store did nothing to help her family. In 1987, a motorcylist stopped Kusumo's car and proceeded to punch him in the face. In 1998, while their taxi was stopped at a red light, the petitioners were approached by a man who demanded money. Although Kusumo gave him money, the man attempted to enter the taxi. Others joined him and began to rock the taxi. The petitioners escaped, but Kusumo sustained an eye injury that resulted in surgery. In 2001, an Indonesian man entered their home and began to undress. Neither of the petitioners was harmed in this incident.

Kusumo and Indrawati entered the United States as nonimmigrants on October 22, 2001, and June 30, 2002, respectively. They remained in the United States beyond their authorized stay, and were placed in a removal proceeding. The petitioners applied for asylum, and Indrawati also applied for withholding of removal and protection pursuant to the CAT. Following a hearing, the IJ concluded that the facts alleged by the petitioners did not amount to past persecution and did not establish a well-founded fear of future persecution. The petitioners appealed the IJ's decision to the BIA, who adopted and affirmed without opinion the IJ's decision. They petition for review to our Court.

## II. Discussion

We review the IJ's decision under the substantial evidence standard. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). We conclude that the IJ's decision and the

BIA's affirmance are supported by the record.

Substantial evidence supports the IJ's conclusion that the incidents of robbery and harassment that the petitioners describe do not amount to persecution under the controlling law. These five isolated incidents over more than thirty years do not rise to the "extreme conduct" necessary to support an asylum claim under the Immigration and Nationality Act. See Fatin v. INS, 12 F.3d 1233, 1240 & n.10 (3d Cir. 1993) (explaining that persecution denotes "extreme conduct" that "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional"); cf. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that ethnic Chinese Indonesian's "account of two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution"). Furthermore, there is no evidence that compels a finding that the incidents–which consist of random acts of robbery and one incident of a man breaking into their home–were motivated by ethnic animus. Here the IJ found, the BIA affirmed, and we agree, that the incidents described by the petitioners occurring between 1970 and 2001 did not amount to past persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A); see also Gao v. Ashcroft, 353 F.3d 228, 234 n.1 (3d Cir. 2002).

The petition for asylum based on past persecution and a well-founded fear of future persecution were therefore properly denied. Indrawati's petition for withholding of

4

removal and protection under the CAT also fail for reasons similar to those discussed above.

## III. Conclusion

For all of the foregoing reasons, the IJ's decision was based upon substantial evidence. Therefore, we will deny the petition for review.